## PERKINS v. WELCH.

### No. 9010.

Court of Civil Appeals of Texas. San Antonio.

March 1, 1933.

John Q. Henry, of Mission, for appellant.

Cecil R. Fulton, of McAllen, for appellee.

SMITH, Justice.

Fred Welch brought this action for libel and slander against Oscar S. Perkins, based upon a letter alleged to have been written and published by Perkins, and upon alleged slanderous oral statement made by him concerning Welch. The jury found that the alleged false statement was not made, thus eliminating from the case the question of slander. But the jury did find that Perkins was prompted by malice at the time he wrote the letter complained of and that Welch was thereby damaged in the sum of $500, for which amount judgment was thereupon rendered in his favor against Perkins, who has appealed.

Concerning the charge of libel appellee alleged in his petition, "Plaintiff further avers that, on to-wit: the 5th day of July, 1929, the defendant did falsely and maliciously state of and concerning plaintiff that plaintiff was dishonest, meaning thereby that plaintiff had embezzled and appropriated to his, plaintiff's own use and benefit property belonging to others without the knowledge and consent of the owners of said property, being a crime under the laws of this State. Said false and malicious charge so made by the defendant was contained in a letter written and signed by the defendant and addressed to one J. H. Hawthorne, and which letter was mailed to the said Hawthorne and was received by and communicated unto the said Hawthorne on said date."

In the letter mentioned in the pleading, appellant stated, among other things, that "in my own dealings with Mr. Welch * * * I have found that he is * * * dishonest in business affairs."

The petition did not set out, in hæc verba, the letter or the particular language complained of therein as constituting the alleged libel, and upon that ground appellant excepted to the petition and objected to the introduction of the letter in evidence. The exception and objection were overruled, and these rulings are assigned as error.

The assignment against these rulings seems to be well taken. It is now well set-

tled that, in a civil action for damages based upon libel, the petition must set out the alleged libelous utterances in hæc verba; that, in cases such as this, when the complaint is based upon language embraced in a letter, the letter in full, or at least the particular portion or portions thereof charged to be libelous, must be set out in hæc verba; otherwise the allegations of libel amount only to conclusions of the pleader, and are subject to special exceptions. Rio Grande Valley Gas Co. v. Caskey (Tex. Civ. App.) 33 S.W.(2d) 848, and authorities there cited.

This should be particularly true where the imputation complained of is in general terms, such as that the complaining party is "dishonest," as in this case. Such language does not of itself charge the subject thereof with any particular offense involving moral turpitude and subjecting him to infamous punishment, which is necessary to support an action for libel. In case of such generality, it is particularly essential for the complainant to set out the context of the alleged libelous matter, and support it with the claimed innuendo, so that the court may determine for itself if a case of libel is pleaded. Newel, Lib. and Slan. (4th Ed.) § 36.

The judgment is reversed, and the cause remanded.